UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RICHARD A. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: 1:14-CV-43 |
| | ) Judge Collier |
| ROBERT JON GREEN *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & JUDGMENT ORDER

Before the Court is a motion to dismiss filed by Defendant James D. Purple ("Purple") (Court File No. 167). Plaintiff Richard A. Green ("Plaintiff") responded (Court File No. 173).[1] The Court has already entered a memorandum and order dismissing and granting summary judgment for the other defendants in this case (Court File Nos. 156, 157). For the following reasons, the Court **GRANTS** Defendant's motion.

## I. FACTUAL BACKGROUND[2]

These claims arise out of a dispute over the estate of Thelma Green, the mother of the Plaintiff, Defendant Robert Green, and Cynthia Green Leui. From 1996 until 2001, Thelma Green resided with Defendant Lonnie Leui and his now-deceased wife Cynthia Green-Leui. Lonnie Green and Cynthia Green-Leui charged Thelma Green fees for room, board, and care. In 2001, Thelma Green was placed into a nursing home after Cynthia Green-Leui was diagnosed

---

[1] Plaintiff's response was not timely filed, but even considering his arguments, the Court would still grant Defendant's motion to dismiss (Court File No. 173).

[2] The following statement of facts is taken from the Court's recitation in its memorandum and order ruling on the other motions in this case (Court File No. 156).

with breast cancer. Thelma Green died in September 2002. Plaintiff filed for probate of the estate in October 2003.

For the next nine years, the parties litigated allegations by Plaintiff that Defendant Robert Green had been mismanaging the estate and using certain trust assets for his own purposes. Attorney Purple had assisted Defendant Robert Green with Thelma Green's estate matters. The Tennessee Chancery Court appointed a special master to investigate the claims. In September 2008, Plaintiff submitted a document to the special master alleging that Leui Defendants had improperly charged Thelma Green for some of the room, board, and care expenses and that Defendant Robert Green had engaged in tax fraud. In May 2012, the Tennessee Chancery Court approved the Report of the Special Master finding that Robert Green had improperly incurred some expenses and directing him to reimburse the estate.[3] The Court found that the payments made to the Leui Defendants were reasonable and properly payable (Chancery Court Order ¶ 16). The Chancery Court then ordered a distribution of the estate and certified the case as complete (Chancery Court Order ¶ M). Plaintiff originally brought this action in California in May 2013, but it was transferred despie his objection to the Eastern District of Tennessee on February 6, 2014 (Court File No. 77).

II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this

---

[3] The Chancery Court's Order has been submitted to the Court as an attachment to an affidavit at Court File No. 16-5. For ease of reference, the Court will cite to the order as follows (Chancery Court Order at ¶_).

2

determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

Plaintiff alleges four claims against Purple: RICO, RICO Conspiracy, Legal Malpractice and Fraud. In its earlier memorandum, the Court held that Plaintiff had failed to state a claim for RICO or RICO conspiracy based on a failure to plead the requisite continuity necessary to establish a pattern of racketeering activity—a necessary element of a RICO claim (Court File

3

No. 156, pp. 4–7). For the same reasons, the Court will dismiss the RICO and RICO Conspiracy claims against Purple as well. The Court will address the legal malpractice and fraud claims against Purple below.

### A. Legal Malpractice

Purple argues that Plaintiff does not have standing to pursue this legal malpractice claim and that, even if he did, the statute of limitations has run. In Tennessee, a legal malpractice claim is subject to a one-year statute of limitations. Tenn. Code Ann. § 28-3-104. Legal malpractice claims are governed by the discovery rule and thus accrue when the plaintiff knows or reasonably should have known that the injury has been sustained. *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). "In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage—an actual injury—as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct." *Id*. Causing a Plaintiff to incur inconvenience or take corrective action constitutes such an "actual injury." *Id*. And a plaintiff may not delay filing suit until all the injurious effects and consequences of the alleged wrong are actually known to the plaintiff. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998).

Plaintiff argues that the action is timely filed because malpractice occurred when Defendants filed their Supplemental Report with the Chancery Court in December of 2012. Regardless of whether these actions constituted malpractice, Plaintiff has simply alleged no facts connecting Purple to these events. And although *pro se* pleadings are liberally construed, see *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010), the Court

cannot read in facts that are not alleged in the Complaint.

Plaintiff did allege facts tying Defendant Purple to alleged acts of legal malpractice, but those took place in 2005 at the latest. The alleged actions giving rise to Plaintiff's legal malpractice claim against Purple are the alleged concealment and alleged subsequent forgery of Thelma Green's will and her Irrevocable Trust. Plaintiff states that the forgery was evident from the face of the document due to the lack of a County Recorder's date stamp (Compl. ¶ 97). According to the Complaint, Plaintiff reported Purple to the Board of Professional Responsibility in 2002 regarding Purple's failure to respond to Plaintiff's inquiries about his mother's will. The Complaint also alleges that the will was produced to Plaintiff in 2005. It is evident that Plaintiff was aware of all the facts underlying this claim in 2005 at the latest. And he learned of all these facts through discovery in his Chancery Court action. Such litigation undoubtedly constitutes sufficient inconvenience to qualify as actual injury for purposes of the discovery rule. Given that Plaintiff knew all of the facts sufficient to establish his claim in 2005 and had incurred actual injury in the form of the Chancery Court litigation, Plaintiff's claim accrued in 2005. Because he did not file his complaint until 2013, this claim is time barred. The Court will **GRANT** Purple's motion to dismiss as to legal malpractice claim.

B. Fraud

In Tennessee, the statute of limitations for common law fraud is three years,[4] Tenn. Code

---

[4] Plaintiff appears to assert claims of federal tax fraud, wire fraud, and mail fraud; however, there is no private right of action to enforce any of these federal statutes. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (holding that, although mail and wire fraud can be remedied as RICO predicates, they do not create a private right of action by themselves); 26 U.S.C. § 7401 (providing that "no civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced").

Ann. § 28-3-105, and such a cause of action accrues "when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof." *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996). Here, Plaintiff's claims for fraud are based on two allegations. First, Plaintiff alleges that Purple told him that he did not have a copy of his mother's will in 2003. In 2005, Defendant Carriger produced such a will after obtaining it from Defendant Purple. Second, Plaintiff alleges that Defendant Purple forged a Trust document in 2005. Plaintiff alleges that the forgery was evident from the face of the document due to the lack of a County Recorder's date stamp (Compl. ¶ 97). On the face of the complaint, Plaintiff was involved in litigation and knew all the facts giving rise to his Complaint in 2005.[5] His cause of action for fraud thus accrued in 2005 and expired in 2008. Because his claim was not filed until 2013, the cause of action is time barred and the Court will **GRANT** Defendant Purple's motion to dismiss this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Purple's motion to dismiss (Court File No. 167). There being no remaining issues, the Clerk is **DIRECTED** to **CLOSE** the case.

**SO ORDERED.**

**ENTER:**

---

[5] For the same reasons stated above, the Court cannot accept Plaintiff's argument that the cause of action accrued in 2012. He has not alleged facts from which the Court could draw a plausible inference that Purple committed fraud when Defendant Green submitted the 2012 Supplemental Report.

6

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ Debra C. Poplin
  CLERK OF COURT